11-3553-cr
United States v. Bartok

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of March, two thousand twelve.

PRESENT: ROBERT D. SACK,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                              No. 11-3553-cr

ANDREW BARTOK,

*Defendant-Appellant*,

KATHLEEN ADDARIO, a.k.a. Kathy Adams, a.k.a. Kate Adams, a.k.a. Kathleen Kelly, VERONICA TOBIN, a.k.a. Veronica A. Tobin, a.k.a. Veronica Jackson,

*Defendants.*

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:        COLLEEN P. CASSIDY, Appeals Bureau, Federal Defenders of New York, Inc., New York, New York.

APPEARING FOR APPELLEE:         JOHN P. COLLINS, JR., Assistant United States Attorney, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

1

Appeal from an order of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order issued on August 18, 2011, is AFFIRMED.

Andrew Bartok, who stands indicted for conspiracy to commit bankruptcy fraud, conspiracy to commit mail and wire fraud, conspiracy to commit obstruction of justice, and obstruction of justice, see 18 U.S.C. §§ 371, 1001, 1349, 1512(k), 1519, appeals from an order revoking bail pending trial pursuant to 18 U.S.C. § 3148(b), see United States v. LaFontaine, 210 F.3d 125, 130 (2d Cir. 2000).  We review the district court's findings of fact pertaining to the challenged revocation for clear error, see United States v. English, 629 F.3d 311, 319 (2d Cir. 2011), and will not reverse "unless on the entire evidence we are left with the definite and firm conviction that a mistake has been committed," United States v. Sabhnani, 493 F.3d 63, 75 (2d Cir. 2007) (internal quotation marks omitted).  We assume familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

A district court may revoke a prior grant of bail based on a finding, made after a hearing, that there is probable cause to believe that the defendant has committed a crime while on release, see 18 U.S.C. § 3148(b)(1)(A), and that "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community," id. § 3148(b)(2)(A), or that "the person is unlikely to abide by any condition or combination of conditions of release," id.

2

§ 3148(b)(2)(B). A finding of probable cause to believe that the defendant committed a felony while on release gives rise to "a rebuttable presumption . . . that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." Id. § 3148(b). Such a rebuttable "presumption does not disappear once the defendant has produced some rebuttal evidence, but continues to be weighed along with other factors." United States v. LaFontaine, 210 F.3d at 130 (internal quotation marks omitted). Here, the felonious conduct prompting revocation was Bartok's purported perjury in a March 15, 2011 financial affidavit filed with the court pursuant to the Criminal Justice Act ("CJA"). See 18 U.S.C. § 3006A.

1.    The "Hearing" Requirement

As a preliminary matter, Bartok faults the district court for revoking his bail without holding the hearing required by § 3148(b). We are not persuaded. Bail revocation hearings are "typically informal" affairs. United States v. LaFontaine, 210 F.3d at 131 (internal quotation marks omitted); see United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986). We afford district courts wide discretion regarding the scope of such hearings, so long as the chosen procedures are sufficient to ensure the reliability of questioned evidence. See United States v. Martir, 782 F.2d at 1147.

Here, the government filed a letter on August 8, 2011, accusing Bartok of perjury in his CJA affidavit. One week later, on August 15, 2011, the district court informed the parties that the issue would be considered at a previously scheduled August 18, 2011 conference. At the conference, Bartok's counsel first told the district court that he was prepared to

3

respond to the government's allegations. Later, however, Bartok's counsel claimed that he had not yet had sufficient opportunity to verify the government's information regarding his client's financial situation. The district court nevertheless instructed the parties to proceed by proffer on the issue of whether bail should be revoked. After a short recess, the court engaged in a detailed discussion with the parties regarding the proffered evidence of perjury and concluded that bail should be revoked. Before so ruling, however, it advised that it would leave the evidentiary record open should either party wish to supplement the record or seek reconsideration. Bartok has not availed himself of these options. In these circumstances, we conclude that the district court did not abuse its discretion by declining to hold more extensive hearings before ordering revocation. See id. at 1145 (warning against allowing bail hearing to become "mini-trial" or "discovery tool for the defendant").

2. The Perjury Finding

Bartok argues that the district court clearly erred in finding probable cause to believe that, by submitting the undisputedly "incomplete" financial affidavit, Revocation Hr'g Tr. at 58, Bartok committed the federal felony of perjury. We are not persuaded. For Bartok's affidavit to have been perjurious, he would have had willfully to subscribe as true to material matter that he did not believe to be true. See 18 U.S.C. § 1621(2). While probable cause requires more than a mere suspicion of such wrongdoing, its focus is on probabilities, not hard certainties. See Walczyk v. Rio, 496 F.3d 139, 156 (2d Cir. 2007).

Here, Bartok failed truthfully to disclose certain assets, namely, his withdrawal of $21,000 from a retirement account on the very day he filed the financial affidavit or shortly

4

before that day. In response to the question on the form asking whether he received any income during the past twelve months from "self-employment, or in the form of . . . retirement or annuity payments, or other sources," Bartok listed only $50,000 from "self-employment," **[Ex. C]** with no mention of the $21,000 withdrawal. Further, in response to the question whether he owned "any real estate, stocks, bonds, notes, automobiles, or other valuable property," Bartok listed only $26,000 in a retirement account—the balance <u>after</u> the $21,000 withdrawal. Nor did he disclose his partial equity in a 2009 Mercedes Benz automobile purchased for approximately $120,000. The district court acted well within its discretion in inferring from "the magnitude of the omissions" and the timing of the withdrawal that the omissions were probably willful. Revocation Hr'g Tr. at 64.[1]

3.      The Public Danger Finding

Bartok contends that a probable cause finding of perjury should not trigger § 3148(b)'s rebuttable presumption of dangerousness. However, the law plainly states that the presumption may be triggered by a probable cause finding as to a defendant's commission of <u>any</u> felony, regardless of whether the felony itself involves violence, threats, or other indicia of dangerousness. See <u>United States v. LaFontaine</u>, 210 F.3d at 134. Perjury is a Class D federal felony crime. See 18 U.S.C. § 1621 (providing for five-year maximum

---

[1] Like the district court, we need not consider any other possible knowing misstatements in the affidavit, <u>e.g.</u>, whether Bartok's statement that he had no cash on hand or money in bank accounts was false in light of evidence that (1) during Bartok's release, he and his family frequently withdrew funds from a business account for personal use; and (2) over the course of the month following Bartok's submission of the affidavit, he purchased some $40,000 in chips at Atlantic City casinos.

5

prison sentence); id. § 3559(a)(4) (providing that offense with maximum prison term of "less than ten years but five or more years" is Class D felony). Moreover, conduct by a defendant that "pose[s] a serious threat to the court's processes" has long been recognized as a ground for pretrial detention, see United States v. Payden, 768 F.2d 487, 490 (2d Cir. 1985), and a defendant's submission of a materially false affidavit to the court signifies such a threat. No different conclusion is warranted because the affidavit pertained to defendant's eligibility for publicly funded legal counsel rather than the merits, particularly where, as here, defendant was already charged with obstruction of justice and fraud on a federal court.

At the hearing, Bartok proffered no evidence to rebut § 3148(b)'s presumption in favor of detention. Thus, we cannot identify clear error in the district court's finding that no conditions of release were adequate to safeguard against the risk of public danger posed by Bartok. As such, we need not and do not reach Bartok's argument that the district court clearly erred in its separate factual finding that Bartok's history of deceiving the court also warranted his detention as a risk of flight. See 18 U.S.C. § 3148(b)(2)(A).

4.      Conclusion

For the foregoing reasons, the district court's order revoking bail is AFFIRMED. The district court may revisit its decision to revoke bail at any time in light of new information.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6